101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Nguyen Huu TO and Hoang Ngoc Can, and other citizens of
South Vietnam on April 30, 1975, Plaintiffs-Appellants,
v.
The BANK OF NEW YORK, and other Financial Institutions
holding assets of the former Republic of South Vietnam,
Chemical Bank, First Interstate Bank of California,
Citibank, N.A., and other Financial Institutions holding
assets of the former Republic of South Vietnam and Federal
Reserve Bank of New York, Defendants-Appellees.
 
 Nos. 95-7755, 95-7877, 95-7879.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 APPEARING FOR APPELLANT: MAC TRUONG, ESQ., NEW YORK, NEW YORK
 APPEARING FOR APPELLEE: STEVEN S. MILLER, ESQ., NEW YORK, NEW YORK
 Before WALKER, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Keenan, Judge ), and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of said district court be and they hereby are AFFIRMED.
 
 
 3
 In this consolidated appeal, plaintiffs-appellants Nguyen Huu To, Hoang Ngoc Can, and a putative class of citizens of the former Republic of South Vietnam as of April 30, 1975, appeal from three judgments of the district court dismissing their complaints. These actions are three of several actions filed by the plaintiffs in the state and federal courts since 1992, all of which seek the return of the assets of the former Republic of South Vietnam. From April 30, 1975, when communist North Vietnam invaded South Vietnam and overthrew the South Vietnamese government, until March 1995, the subject assets were blocked by Presidential Order.
 
 
 4
 Since the filing of plaintiffs' earlier actions in the federal courts, the Executive Branch has determined that the assets in question belong to the current government of Vietnam. On January 28, 1995, the United States and the current Vietnamese government entered into an agreement settling all claims of the United States and its nationals against Vietnam as well as all claims of Vietnam and its nationals against the United States. The agreement provided, in part, that Vietnam would pay to the United States $208,510,481 out of the assets, which would be used to settle the claims of the United States and its nationals. As per the agreement, on March 6, 1995 the remaining assets held in the name of Vietnam were unblocked and released to the current Vietnamese government.
 
 
 5
 This court held in plaintiffs' two prior related actions that plaintiffs' claims of title to the assets present a non-justiciable political question. Can v. United States, 14 F.3d 160, 162 (2d Cir.1994); To v. Rubin, No. 95-6068, 1995 WL 723130, at * 4-5 (2d Cir. Dec. 6, 1995). In Can, the plaintiffs sought a declaration that they are the rightful owners of all assets owned by the Republic of South Vietnam when it collapsed on April 30, 1975. 14 F.3d at 161. After the District Court for the Southern District of New York dismissed their claims, Can v. United States, 820 F.Supp. 106, 116 (S.D.N.Y.1993), aff'd, 14 F.3d 160 (2d Cir.1994), we affirmed on the ground that plaintiffs' blocked assets raised a nonjusticiable political question:
 
 
 6
 Because we find that the threshold determination of title to the blocked assets would require resolution of issues related to state succession, we hold that appellants' claims hinge upon a question constitutionally committed to the executive branch of the United States government--a question that lies beyond this court's purview. We therefore affirm the judgment of the district court on political-question grounds, and do not reach appellants' challenges to the district court's careful exposition of its conclusion that it lacked subject-matter jurisdiction.
 
 
 7
 14 F.3d at 161.
 
 
 8
 Thereafter, plaintiffs filed a claim with the Treasury Department's Office of Foreign Asset Control ("OFAC"), requesting that the blocked assets be released to them. OFAC denied their claim, and plaintiffs sought title, possession, and control of the assets by requesting a determination that OFAC's denial of the requested license was arbitrary and capricious. To v. Bentsen, No. 93 Civ. 6241, 1995 WL 86422 (S.D.N.Y. Mar. 2, 1995). The district court dismissed plaintiffs' claims on the ground that the determination of title to the assets presented threshold nonjusticiable questions. We affirmed by holding that plaintiffs' claims were moot because the assets had been unblocked and transferred to the United States and Vietnam and that the plaintiffs' claims were nonjusticiable. To v. Rubin, 1995 WL 723130 (2d Cir. Dec. 6, 1995), aff'g, To v. Bentsen, 1995 WL 86422 (S.D.N.Y. Mar. 2, 1995).
 
 
 9
 In the three present cases, plaintiffs seek a declaration that they are "the sole and rightful owners of all the assets which belonged to the Republic of South Vietnam" and a judgment directing defendants to return possession of the assets to the plaintiffs. The district court sua sponte dismissed the complaints on the ground that the claims again raised the same nonjusticiable political question: plaintiffs' claim of title to the property of the former South Vietnamese government. We agree that the threshold issue in these actions is the same as that in plaintiffs' two earlier actions. This court cannot review and overturn the decision of the President to recognize the current government of Vietnam and to release the assets to this successor government as part of the normalization of diplomatic relations. Moreover, plaintiffs' claims are now moot, for the remaining assets held in the name of Vietnam were unblocked and released to the current Vietnamese government on March 6, 1995.
 
 
 10
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.